IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY TURNER                                                                                        PLAINTIFF

      v.                         Civil No. 6:11-cv-06056

ANITA CABE, Owner,
Cabe's Office; and
MICHELLE (last name unknown),
Secretary, Cabe's Office                                                                     DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

      This is a civil rights action filed by the Plaintiff, Corey Turner, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      The case is before me for a determination of whether service of process should issue. For the reasons stated below, it is my recommendation that the Complaint be dismissed.

### Background

      According to the allegations of the complaint, the Defendants caused Plaintiff to be locked up and deprived him of a fair trial. Plaintiff alleges the Defendants called "straight" to his probation officer and prosecuting attorney's office. He maintains they caused him to be "maliciously" and "out of spite" prosecuted unfairly.

### Discussion

      Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint filed *in forma pauperis*. Section 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii)

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

Here, the claims are clearly subject to dismissal as they are frivolous and fail to state claims upon which relief may be granted. A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. While there are limited circumstances in which a private party may be considered to be a state actor, Plaintiff has not alleged the Defendants conspired with the State and its agents or that these Defendants willfully participated in joint activity with the State and its agents. *See e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). "[A] private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001)(Store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived)(*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n. 21 (1982)).

Similarly, a private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime). It is clear Defendants cannot be sued under § 1983 because they are private citizens, not acting under color of state law.

**Conclusion**

Accordingly, I recommend that the complaint be dismissed as the claims asserted are frivolous and fail to state claims upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i-ii). The dismissal will constitute a strike under 28 U.S.C. § 1915(g)**. The Clerk should be directed to put a §1915(g) strike flag on this case.**

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of October 2011.

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    UNITED STATES MAGISTRATE JUDGE